INMAN *v.* TRAVELERS' INS. CO.*

(Division A. March 11, 1929.)

[121 So. 107. No. 27746.]

*Corpus Juris-Cyc References: Actions, 1CJ, section 172, p. 1043, n. 4; Appeal and Error, 3CJ, section 1086, p. 1076, n. 87.

*Jones & Stockett,* for appellant.

*Brandon & Brandon,* for appellee.

SMITH, C. J. This is an attachment in chancery under section 536, Code of 1906 (Hemingway's 1927 Code, section 307). Inman exhibited an original bill against Tibbetts & Tibbetts, alleged to be either a corporation or a partnership composed of certain named individuals, and nonresidents of the state of Mississippi, and against Travelers' Insurance Company, a nonresident corpora-

tion, The bill alleges that Inman was an employee of Tibbetts & Tibbetts, and received a personal injury caused by the negligence of a fellow servant, for which Tibbetts & Tibbetts are responsible. The bill alleges that the Travelers' Insurance Company had issued to Tibbetts & Tibbetts an insurance policy covering the liability of Tibbetts & Tibbetts to its employees for personal injuries. The bill further alleges that the Travelers' Insurance Company is doing business in Mississippi, and that the state insurance commissioner has been ''named, constituted, and appointed'' its agent, on whom process for it may be served; that the insurance company is indebted to Tibbetts & Tibbetts on the policy to the amount claimed against them by the appellant for his injury. Process was issued for the Travelers' Insurance Company and served on the insurance commissioner. Tibbetts & Tibbetts failed to appear, and a decree *pro confesso* was rendered against them as a partnership for four thousand dollars, from which they have not appealed.

The Travelers' Insurance Company appeared and demurred to the bill, and on the overruling of the demurrer filed an answer as garnishee in the form provided for the answer of a garnishee in an action at law. The case thereafter was proceeded with as if the case was one under chapter 58, Code of 1906 (Hemingway's 1927 Code, chapter 32). Interrogatories were propounded to the Travelers' Insurance Company as a nonresident defendant, and in its answers thereto the execution of the insurance policy was admitted and a copy thereof was filed. A motion was finally made by the insurance company for a discharge on its answer, and a similar motion was made by Inman for a decree thereon. Both of these motions were overruled, permission to appeal to this court was given to both Inman and the insurance company, and appeal bonds by both appear in the record.

Where a suit against a nonresident debtor is instituted in chancery under the provisions of section 536, Code of

1906 (Hemingway's 1927 Code, section 307), the procedure therein must be in accord with that of the chancery court, and the statutes regulating attachments and garnishments at law do not apply, in so far as the procedure is concerned.

Assuming, but not deciding, that the answer of the Travelers' Insurance Company may be treated as if it were couched in the usual form for an answer in chancery, and that the motions by Inman and the Travelers' Insurance Company may be treated as if the case had been set down for hearing on bill and answer, the court below should have either discharged the Travelers' Insurance Company or rendered a decree against it. It declined to do either, and rendered no decree disposing of any question in the case. The court, in effect, declined to adjudicate the rights of the parties, and granted an appeal to this court in order to obtain its advice as to what disposition to make of the case. The only provision of section 17 of chapter 151, Laws of 1924 (Hemingway's 1927 Code, section 9), under which this appeal could be said to be authorized, is that the chancellor may grant an appeal from an interlocutory order overruling a motion when he is of the opinion that an appeal is "proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay." We do not understand this provision of the statute to mean that the trial court may submit a question to this court for advice before passing on it, and the appeal here instead of avoiding expense and delay has caused both. It follows, therefore, that this appeal was improperly granted and must be dismissed.

*Appeal dismissed.*