MOBILE & OHIO RAILROAD CO. *v.* SWAIN.

(Division B. Jan. 30, 1933.)

[145 So. 627. No. 30349.]

**Wilbourn, Miller & Wilbourn,** of Meridian, and **Carl Fox,** of St. Louis, Missouri, for appellant.

J. C. Floyd, of Meridian, for appellee.

Argued orally by **C. C. Miller**, for appellant, and by **J. C. Floyd**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

In May, 1859, B. A. Simmons acquired five shares of stock of the Mobile & Ohio Railroad Company, which stock has never been transferred on the books of said company, and on which, prior to 1898, no dividend has accrued. B. A. Simmons departed this life in 1894; his estate was administered on by his wife as administratrix, she being finally discharged in 1896. At the time of the death of B. A. Simmons, and during the administration

of his estate, no evidence of the ownership of said stock was discovered by said administratrix, and the stock was not embraced in the administration of his estate.

Some time before the bringing of this suit, a grandson of B. A. Simmons, in going through some of his papers and effects, found some indicia of the ownership or existence of said stock, reported same to his aunt, Mrs. Dillon Swain, and correspondence was entered into with the Mobile & Ohio Railroad Company, whereupon it was discovered that the stock issued to B. A. Simmons was still standing in his name on the company's books, and that dividends, amounting to eight hundred and ten dollars, had accrued thereon. In this correspondence, the Mobile & Ohio Railroad Company referred the appellee and her attorney to their attorneys in Meridian, Miss., and the matter was taken up with them, and they wrote the attorney for the appellee that they did not believe any court in Mississippi had jurisdiction of the suit; that the situs of the stock was in Alabama; that B. A. Simmons had died in Alabama, and suggested that the administration of B. A. Simmons' estate be reopened, or that administration de bonis non be taken out on said estate.

Accordingly, Mrs. Dillon Swain applied to the probate judge of Sumter county, Alabama, where said B. A. Simmons died, and where his daughter, the administratrix de bonis non, lived, and letters de bonis non were issued to her by the probate court of said county. These letters de bonis non were certified to by the probate judge of that county as follows: "That Mrs. Dillon Swain, administratrix de bonis non, of the estate of B. A. Simmons, deceased, is the duly qualified and acting administratrix of said estate of B. A. Simmons, deceased, and . . . is liable to account to this court for any property or money which may come into her hands as a result of a claim or claims now pending against the Mobile and Ohio Railroad Company for certain dividends

and/or stock in the said Mobile and Ohio Railroad Company, standing in the name of B. A. Simmons, or any other property or money which she may receive as administratrix de bonis non of said estate. And the said Mrs. Dillon Swain, administratrix de bonis non of said estate, is authorized by the laws of Alabama and this court to execute a full and complete release for said stock and/or money when received by her.''

The present suit, an attachment suit, was filed in the chancery court of Lauderdale county, Miss., alleging that the Mobile & Ohio Railroad Company had agents there, and certain corporations there were alleged to be indebted to said railroad company. Process was served upon all of said defendants, including the garnishee defendants, which latter answered the bill, two of the garnishees admitting that they had money or effects in their hands belonging to the principal defendant, the railroad company. The railroad company answered, admitting that said shares of stock were standing on its books in the name of B. A. Simmons, and that there were no transfers of said stock on its books, and that dividends had accrued thereon in the amount alleged in the declaration; but denying that the appellee is the administratrix de bonis non of the estate of B. A. Simmons, and disclaimed any knowledge of whether the B. A. Simmons on whose estate administration de bonis non was being had was the same B. A. Simmons to whose credit the shares of stock stood upon its books. It also denied that it was such a nonresident defendant as would authorize an attachment in chancery against it, and set up that the complainants were barred from recovery by reason of laches, and also set up by a supplemental answer, filed after the principal answer, that B. A. Simmons' estate had been administered on in 1894, and that the administratrix was, in 1896, discharged and the administration had been closed, and that no administration de bonis non was thereafter permissible on said estate,

and filed with its supplemental answer certified copies of the proceedings in the original administration of the estate of B. A. Simmons in Sumter county, Alabama.

On the hearing, the court below held that the certification of the probate judge of Sumter county, Alabama, was in conformity with section 1586, Code 1930, but it was not in conformity with the requirements of section 905 of the Revised Statutes of the United States (28 U. S. C. A., section 687). The court further held that compliance with section 1586, Code 1930, authorized the administratrix de bonis non to sue in this state, and that, the state having authorized a foreign administratrix to sue on the conditions named in said section, the matter of failure to comply with the Federal statute above mentioned is immaterial and was unnecessary; and that the defendant, having suggested in a letter to the complainant the steps necessary to be taken for the collection of the dividend and the possession of the stock from the Mobile & Ohio Railroad Company, is now estopped from raising the question of validity of the proceedings, or the sufficiency of them to authorize a suit.

It appears that the Mobile & Ohio Railroad Company was originally incorporated under the laws of Alabama, and that subsequently it was incorporated by a special act of the Legislature of the state of Mississippi and other states through which the line of railroad ran from Mobile, Alabama, to the Ohio river.

The attachment is against the Mobile & Ohio Railroad, an Alabama corporation, and the proceedings were instituted in conformity to the laws of Mississippi, as announced in Clark v. L. & N. R. R. Co., 158 Miss 287, 130 So. 302. See C. W. D. Co. v. Lewis, 142 Miss. 428, 107 So. 557. Furthermore, the defendant did not plead specially to the jurisdiction of the court on this ground, but defended generally, and the court acquired jurisdiction of the person. See Code 1930, section 173; Hall Commission

Co. v. Foote, 90 Miss. 422, 43 So. 676; Branham v. Drew Groc. Co., 145 Miss. 657, 111 So. 155.

We are of opinion that the certificate of the probate judge of Sumter county, Alabama, is sufficient, under section 1586, Code 1930, to authorize the filing of the suit at bar by Mrs. Swain, or to sue in behalf of said estate. The provisions of section 905 of the Revised Statutes of the United States (28 U. S. C. A., section 687), provide for proceedings to evidence the force and effect of a state action under the due faith and credit clause of the Federa Constitution, and are binding on a state when the provisions of that section are complied with. In such a case, a state must give due credit and faith to the proceedings of a foreign state, as provided for in that act. It is compulsory upon the state authorities to accept such a certificate, and to give full faith and credit to proceedings in another state where such proceedings were had.

A state, however, may provide for giving effect to foreign proceedings without conforming, in all particulars, to the Federal act. In other words, a state court can permit a foreign administrator, executor, or guardian, to sue in its courts whether such guardian, administrator, or executor be certified in conformity to the Federal act, provided it conforms to its own laws, and the certification is sufficient to make it presumptive of regularity. It is probably true that, where the Federal statute is not followed, the authenticity of the regularity of the proceedings in a foreign state might be inquired into.

Section 1586, Code 1930, is a sufficient safeguard against unauthorized suits by persons claiming to act under the authority of foreign states. This section first appeared in the Annotated Code of 1892 (section 1787). It is true that, prior to that time, this court had held in Hope v. Hurt, 59 Miss. 174, that section 2091, Rev. Code

of 1880, did not dispense with the requirements of the Federal statute, section 905 of the Revised Statutes of the United States (28 U. S. C. A., section 687). That case, of course, is not authority in the case at bar, because the new statute has come into play, making a specific provision which has been complied with.

The probate court of Alabama, under the laws of that state, having certified that the administratrix de bonis non was entitled to give acquittances for dividends and stock to be given her by the Mobile & Ohio Railroad Company, or any other claims which might be owing to the estate of B. A. Simmons, she to be accountable to the probate court of Alabama for all money and stock so received, said administratrix de bonis non is fully qualified to so act.

We do not think we are called upon to explore the decisions and statutes of Alabama to find out whether the probate judge was in error or not.

We think the chancellor was right in holding that the defendant, having induced the complainant to take out letters of administration de bonis non in Sumter county, Alabama, and complainant having pursued that course, is now estopped to contend that such proceeding, so taken at the defendant's instance, is void.

It is undisputed that the Mobile & Ohio Railroad Company has in its possession and under its control dividends on, and evidences of the existence of, stock for which it is liable to some one.

As stated, this suit was filed in the chancery court, and the chancery court is able to adjudicate the rights and protect the interests of all parties involved. We are therefore of the opinion, that the chancery court had jurisdiction to entertain the cause of action.

It is insisted that the complainants were guilty of laches. We do not think the complainants are barred by laches under the facts in this record. There were no

dividends declared until 1898, and we do not think there is anything to show that the complainants knew of their rights to this dividend until recently just before this suit was brought. The railroad company declared the dividend, and, although it may not have had a record of the addresses of its stockholders, yet we do not think there was any serious effort to locate the owner of this stock. The railroad company was holding the dividend in trust for the stockholder, and there was nothing that occurred that entitled it to take and keep this dividend against the demand of the stockholder, its administrators or heirs.

As said in the case of Comans v. Tapley, 101 Miss. 203, 57 So. 567, 573, Ann. Cas. 1914B, 307: "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities, and other causes; but when a court sees negligence on one side and injury therefrom on the other it is a ground for denial of relief."

We fail to see how the delay of the administratrix de bonis non injured the railroad company. It is a general rule that the statute of limitations in cases of trust against a deceased person would only operate from the time the administrator knew of the rights under the trust.

It is quite probable that B. A. Simmons, in his lifetime, having, for a long time, received no dividends on the stock, did not take care to preserve it, as he would have

done had there been any dividends. The dividend accrued after his death, and his administratrix, not finding the stock in his effects, and not knowing of its existence of course, was not negligent in discovering its existence under the facts contained in this record.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.