GULF REFINING CO. *et al.* *v.* MAUNEY.

(In Banc. Sept. 22, 1941.)

[3 So. (2d) 844. No. 34670.]

Thomas E. Pegram, of Ripley, and **Armstrong, Mc-Cadden, Allen, Braden & Goodman,** all of Memphis, Tennessee, for appellant.

James A. Cunningham and James A. Cunningham, Jr., both of Booneville, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an attachment in chancery by the appellee against the appellants begun by the appellee in the Chancery Court of Prentiss County. The bill of complaint alleges that the Gulf Refining Company is a foreign corporation, domesticated in this State under the statutes so providing, and that Fred Merritt and Vardaman Tapp,

its employees, inflicted damage on the complainant while in the discharge of their duties to the Gulf Refining Company in Tippah County, Mississippi, where the complainant, Merritt and Tapp all reside. The bill of complaint was filed in Prentiss County, Mississippi, and Merritt, Tapp and the Gulf Refining Company for defendants thereto, as is also W. L. Gullett, who resides in Prentiss County, and is alleged to have in his possession and under his control property belonging to the Gulf Refining Company. Gullett appeared and admitted having property of the Gulf Refining Company in his possession. The other defendants to the bill appeared specially, and requested the court to dismiss the bill for want of jurisdiction, but should it decline to do so, then to change the venue of the case to either Tippah County, Mississippi, where the right of action accrued, or to Hinds County, Mississippi, where the Gulf Refining Company has a resident agent. Both requests were denied, and an appeal was granted to settle the principles of the case.

The request for the dismissal of the case is based on the contention that a foreign corporation which has become domesticated in this State is not subject to attachment under Section 173 of the Code of 1930, but this Court held the contrary in Southern Motor Express Company v. Magee Truck Lines, Inc., 181 Miss. 223, 177 So. 653, 114 A. L. R. 1377.

In support of their request that the venue of the case be transferred to either Tippah or Hinds County, the appellants say that Gullett was not made defendant to the suit in the manner required by Section 372 of the Code, that he is not referred to therein as a defendant, but simply as a garnishee, and the process prayed for him is ''a writ of garnishment . . . in the form and manner required by law;'' and the argument seems to be that the venue in an attachment and garnishment proceeding is not controlled or affected by the residence of the garnishee. This may be true in an attachment at law, but in an attachment in chancery under Section 173,

the resident defendant alleged to have property in his hands belonging to the non-resident defendant is not a garnishee in the technical and procedural sense of a garnishee in an attachment at law, and no writ of garnishment should be issued to him. He is simply a defendant with all the rights and privileges as such and should simply be summoned to answer the suit as any other defendant is summoned. Inman v. Travelers' Ins. Company, 153 Miss. 405, 121 So. 107; Craig v. Gaddis, 171 Miss. 379, 157 So. 684, 95 A. L. R. 1494. What the effect of a writ of garnishment served on Gullett would have been is not before us for he appeared and answered the bill of complaint, and the fact that he is not referred to as a defendant therein becomes of no consequence.

The appellants seemed further to say that Gullett is not a necessary party to this suit, and therefore is not within the provision of Section 363, that suits in chancery may be brought in any county where the defendant or any necessary party-defendant may reside. Gullett's presence is absolutely necessary to enable the complainant to proceed with her suit and to realize on any decree against it in her favor.

Affirmed and remanded.