HORNE, et al. *v.* STATE BUILDING COMMISSION.

June 8, 1953

No. 39031 34 Adv. S. 99 65 So. 2d 227

·*Ernest Shelton* and *Barnett, Jones & Montgomery,* for appellant.

*John M. Kuykendall, Jr.,* and *J. P. Coleman,* Attorney General, for appellee.

HOLMES, J.

This is an appeal from an interlocutory decree of the Chancery Court of the First Judicial District of Hinds County.

The appellee, State Building Commission, has filed a motion to docket and dismiss the appeal upon the grounds that it is not authorized under the provisions of Sec. 1148 of the Miss. Code of 1942 authorizing in certain cases appeals from an interlocutory order or decree. Exhibited to the motion of the appellee are a copy of the decree sought to be appealed from dated April 10, 1953, a copy of the petition for appeal addressed to the Chief Justice of the Supreme Court, a copy of the order of the Chief Justice granting the appeal, and a copy of the appeal bond, all being duly certified by the Chancery Clerk of Hinds County, Mississippi, as being true copies of the originals filed in his office. It appears from the motion and the exhibits thereto and from the briefs of counsel that this litigation involves a controversy between the appellant and the appellee growing out of contractual relations, and wherein an arbitration has been requested or sought. Counsel for the appellant set forth in their brief certain purported facts and counsel for the movant or appellee decline to enter into a discussion of the case on its merits, contending that the merits of the cause are not properly before the court, but stating that the statement of facts as contained in the appellant's brief is erroneous in several material particulars. There is before us, therefore, only the motion and the exhibits filed thereto. The decree appealed from is an interlocutory decree dated April 10, 1953. This decree overrules a motion of the appellee to confirm the award of arbitrators, and overrules a motion of the appellant to vacate and set aside the award, and further vacates and sets aside the special master's report previously filed in the cause, and refers the matters theretofore submitted to the board of arbitrators for determination and award back to the arbitrators for the purpose of making such study, and hearing and considering such evidence, as may be necessary for the board of arbitrators to make a specific finding on each and every item presented to said board for arbitration, the

decree reciting that the award made by the arbitrators failed to embrace all of the matters submitted for arbitration.

It is contended by the movant that Sec. 1148 of the Code of 1942 does not authorize this appeal for the reason that the appeal will not settle all the controlling principles in the cause, and further, will involve delay and expense rather than avoiding the same. On the other hand, it is contended by the appellant that the decree is erroneous in that the appellant was entitled to have sustained his motion to vacate and set aside the award, and that the chancellor was without legal authority to grant a new hearing by the arbitrators for the reason that at the time of the entry of the decree complained of, the time in which the award was required to be made by the arbitrators had expired and that, therefore, there was no authority under Sec. 293 of the Code of 1942 for the chancellor to grant a rehearing by the arbitrators.

It seems clear that while counsel on both sides and the chancellor appeared to treat as applicable Sec. 293 of the Code of 1942, it has no application to the facts before us on this motion. Sec. 292 of the Code of 1942 provides for the filing of an application to vacate or modify an award, and Sec. 293 of said code provides the cases in which the court may refer the matters back to the arbitrators for rehearing in case the court vacates the award. Sec. 293 further provides that the court in the cases specified in Sec. 291 of said code may modify and correct the award so as to effect the intent thereof and to promote justice between the parties. In this case, however, the decree does not vacate the award but declines to do so. The decree does not undertake to modify or correct the award. Therefore, the situations covered by Secs. 291, 292, and 293 of the Code of 1942 are not here presented.

What is before us is a decree of the court wherein a motion to confirm the award was overruled and a mo-

tion to vacate and set aside the award was overruled. In neither instance was there any adjudication with respect to the validity or invalidity of the award. The chancellor, by this decree, has in fact decided nothing so far as the principles of this cause are concerned. He has in fact declined to decide the validity or invalidity of the award. A case similar in principle is Inman v. Travelers' Ins. Co., 153 Miss. 405, 121 So. 107. In this case, Inman, an employee of Tibbetts and Tibbetts, who had received a personal injury alleged to have been caused by the negligence of a fellow servant, brought an attachment in chancery against Tibbetts and Tibbetts, and joined in the suit the Travelers' Ins. Co., averring that the insurance company was indebted to the complainant by reason of a policy of insurance carried by Tibbetts and Tibbetts, covering the liability of Tibbetts and Tibbetts to its employees for personal injuries. After a demurrer of the Travelers' Insurance Company was overruled, the insurance company filed an answer as garnishee. A motion was made by the insurance company for a discharge on its answer and a motion was made by Inman for a decree thereon. Both of these motions were overruled and permission to appeal to the Supreme Court was given to both Inman and the insurance company, and appeal bonds by both appeared in the record. In disposing of the appeal, the Court said:

"Assuming, but not deciding, that the answer of the Travelers' Insurance Company may be treated as if it were couched in the usual form for an answer in chancery, and that the motions by Inman and the Travelers' Insurance Company may be treated as if the case had been set down for hearing on bill and answer, the court below should have either discharged the Travelers' Insurance Company or rendered a decree against it. It declined to do either, and rendered no decree disposing of any question in the case. The court, in effect, declined to adjudicate the rights of the parties, and granted an appeal to this court in order to obtain its advice as to

what disposition to make of the case. The only provision of Section 17 of Chapter 151, Laws of 1924 (Hemingway's 1927 Code, Section 9), under which this appeal could be said to be authorized, is that the chancellor may grant an appeal from an interlocutory order overruling a motion where he is of the opinion that an appeal is 'proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay.' We do not understand this provision of the statute to mean that the trial court may submit a question to this court for advice before passing on it, and the appeal here instead of avoiding expense and delay has caused both. It follows, therefore, that this appeal was improperly granted and must be dismissed.''

 █ The same situation in principle seems to exist on the motion now before the Court. The chancellor declined to either confirm the award or to vacate it and set it aside. He has made no decision, therefore, as to the validity of the award. If this Court should entertain this appeal and affirm the interlocutory decree appealed from, the matter of the validity or the invalidity of the award would still be undecided and undisposed of. On the other hand, if this Court should entertain this appeal and reverse the decree appealed from, it would simply leave pending in the court below a motion to confirm the award and a motion to set aside and vacate the award. The question as to the validity or invalidity of the award would still remain undecided and open for decision by the chancellor. It appears, therefore, that the interlocutory decree sought to be appealed from is not one authorized under the provisions of Sec. 1148 of the Code of 1942, since a decision on this appeal would not only not settle all the controlling principles involved in the cause, but would not settle any of such principles, and, therefore, instead of avoiding delay and expense, it would result in delay and expense.

We have reached the conclusion that the motion to docket and dismiss the appeal should be sustained for the reasons hereinabove set out.

Motion to docket and dismiss sustained, and appeal dismissed.

*Roberds, P. J.,* and *Lee, Arrington,* and *Ethridge, JJ.,* concur.