KOEHRING COMPANY et al.,
Appellants,

v.

HYDE CONSTRUCTION COMPANY,
Inc., Appellee.

No. 19819.

United States Court of Appeals
Fifth Circuit.

Sept. 19, 1963.

Rehearing Denied Feb. 5, 1964.

Roger C. Landrum, George H. Butler, Jackson, Miss., William A. Denny, Milwaukee, Wis., for appellants.

John F. Friedl, Milwaukee, Wis., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., of counsel.

Vardaman S. Dunn, Jackson, Miss., Cox, Dunn & Clark, Jackson, Miss., of counsel, for appellee.

Before CAMERON, BROWN, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This case concerns the transfer of a cause to another district, under 28 U.S.C.A. § 1404(a).

Hyde Construction Company, a Mississippi company, brought suit in a federal district court in Mississippi against Koehring Company, a Wisconsin corporation, and C. S. Johnson Company, a division of Koehring. Hyde alleged that Koehring agreed to construct a concrete cooling and mixing plant at the job site of a spillway at Keystone Dam on the Arkansas River in Oklahoma, and that the plant, as built, did not meet the

**296**

minimum operational standards agreed on in the contract between the parties. Koehring moved to dismiss on the ground that the court lacked jurisdiction since it was not "doing business" in Mississippi within the meaning of that state's statutes. Alternatively, it asked the district judge to transfer the cause to the Northern District of Oklahoma, where the alleged breach of contract took place and where its own action against the plaintiff was then pending. The trial judge denied both motions.

We do not reach the jurisdictional question for we hold that the case should be transferred under 28 U.S.C.A. § 1404 (a) to the Northern District of Oklahoma.

## I.

Section 1404(a), Title 28 U.S. C.A., states the criteria to be considered in a motion for change of venue:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

These criteria have been spelled out in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. In that case the Supreme Court said:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. * * *"

Advantage and convenience to the litigants themselves are not the only important considerations, however. The Supreme Court went on to point out that

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Many of the elements mentioned in Gulf Oil as important are present here. The concrete cooling and mixing plant here in question was installed in Oklahoma; all relevant facts concerning its alleged failure to perform occurred in Oklahoma; if, in view of the complexity of its operation, an on-site inspection of the plant is necessary, it can be had only in Oklahoma. Most of the witnesses to the alleged failure of performance reside at or near the plant site, and the records of the U. S. Corps of Engineers dealing with the functioning of the plant are kept in Tulsa. Moreover, the docket in the Southern District of Mississippi is extremely congested, while that of the federal district court in the Northern District of Oklahoma is relatively current. Thus, every factor points to Oklahoma as the most logical forum for this action, whereas the only connection which Mississippi has with this case is that one party to this suit resides there.

This case is similar to Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299. There the

court pointed out that if "convenience of the parties" were the sole criterion, the refusal of the trial judge to transfer under Section 1404(a) could be sustained, since the plaintiff did in fact live in the district where suit was brought. There were, however, other statutory criteria to be considered. The Court stated:

"As to the second test 'convenience of witnesses' it is self-evident that the convenience of both plaintiff's and defendant's witnesses would be served by a trial of the cause in the Southern District of Iowa. A number of witnesses reside at Avoca which is 459 miles from Chicago but only 33 miles from Council Bluffs and 104 miles from Des Moines, the two cities where the trial might be held. * * * There is nothing in this record to indicate the convenience of witnesses will be served by a trial in Chicago."

The Seventh Circuit then went on to discuss the "interest of justice", which it felt should be given paramount consideration: "In the interest of justice there should be considered the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred." The Court concluded that in these circumstances it was warranted in ordering the cause transferred to the proper forum. The same factors obtain here, and we have reached the same conclusion.

## II.

The Supreme Court in the recent case of Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 has held that a court may transfer an action under 28 U.S.C.A. § 1406(a) even though it lacks jurisdiction over the person. That section provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Construing this statute, the Supreme Court stated:

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired."

The same considerations of convenience and procedural reform which prompted the enactment of Section 1406

**298**

(a) apply to Section 1404(a), and there is no basis for distinguishing between them insofar as the rule enunciated in Goldlawr is concerned. See 1 Moore, Federal Practice para. o.146[5] at 1097 (2d Ed.1951); 61 Mich.L.Rev. 393 (1962); 1963 Duke L.J. 168. Thus, whether or not the trial court below had personal jurisdiction over the defendant, for "the convenience of parties and witnesses" and "in the interest of justice" the cause should be transferred to Oklahoma.

The cause is remanded with instructions that it be transferred to the Northern District of Oklahoma.