**HYDE CONSTRUCTION COMPANY, Inc., Appellant,**

**v.**

**KOEHRING COMPANY, Appellee.**

**Vardaman S. DUNN, Appellant,**

**v.**

**KOEHRING COMPANY, Appellee.**

**Nos. 7929, 7930.**

United States Court of Appeals
Tenth Circuit.

July 21, 1965.

Rehearing Denied Aug. 17, 1965.

Charles Clark, Jackson, Miss., and David H. Sanders, Tulsa, Okl., for appellants.

William A. Denny and Maurice McSweeney, Milwaukee, Wis. (A. Morgan Brian, Jr., New Orleans, La., and Villard Martin, Jr., Tulsa, Okl., of counsel, were with them on brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

These appeals are taken from an order and decree[1] entered by the United

1. "Now on this 1st day of September, 1964, It Is Ordered, Adjudged and Decreed by the Court

1. The trial of this case in this Court shall be had and conducted as if said Cause No. 60,068 in the Chancery Court for the First Judicial District of Hinds County, Mississippi had not been tried and as if the judgment therein had not been rendered. Nevertheless, this Court may at any time consider the judgment in said Case No. 60,068 in making final disposition of the matters hereinafter set out and in rendition of its judgment herein.

2. Until the further order of this Court, the plaintiff, Hyde Construction Company, Inc., its officers, agents, servants, employees, assigns, attorneys, and/or any person or corporation acting in concert therewith, be and they hereby are enjoined and restrained from directly or indirectly enforcing or collecting or attempting to enforce or collect in any manner whatsoever any rights or claims under or by virtue of the decree entered under date of April 8, 1964, in said Cause No. 60,068, or any other decree, judgment motion, action, process, execution, proceeding or order premised thereupon; but nevertheless the ones so restrained may participate in and contest any appeal from said judgment taken by Koehring Company.

3. Subsequent to the issuance of the temporary restraining order herein, Koehring Company has incurred reasonable and necessary expense of $28,866.33 because of the acts of Hyde Construction Company, Inc. and Vardaman S. Dunn in violation of the temporary restraining order. Of this, $9,009.80 is the reasonable and necessary expense in connection with the institution and prosecution of the proceedings in this court concerning contempt, and $19,856.53 is the reasonable and necessary expense in connection with proceedings had in Mississippi arising out of the violation of this Court's temporary restraining order. It Is Therefore Ordered And Decreed by the Court that Hyde Construction Company, Inc. and Vardaman S. Dunn shall be jointly and severally liable for and shall pay to Koehring Company forthwith the said sum of $9,009.80. Whether or not they or either of them shall be required to pay any further sum or sums is reserved for decision until the trial of this case has been concluded in this Court or until

States District Court for the Northern District of Oklahoma springing from a finding that appellants were in civil contempt for disregarding a temporary restraining order issued by the court. The restraining order had been directed to "Hyde Construction Company, Inc., its attorneys, agents, and all persons acting in concert therewith" and required them to cease and desist from proceeding with a civil action then pending in the Chancery Court of the First Judicial District of Hinds County, Mississippi. The appellant Dunn is a member of the bar of Mississippi and attorney for Hyde Construction Company. It is not disputed that appellants did disregard the court's order and, through the expedient of oversimplification, we state the present appellate issue to be a determination of the validity of the restraining order.

Appellant Hyde Construction Company was prime contractor on a construction project concerning the erection of the Keystone Dam Spillway in the State of Oklahoma. It contracted with appellee Koehring Company for the latter to design and install a concrete plant for Hyde's use in the project. A dispute between the parties arose in reference to the performance of this contract, and on August 30, 1961, Hyde filed suit against Koehring in the Federal District Court for the Southern District of Mississippi, praying for writs of chancery attachment, injunctive relief, a declaratory judgment, and a money judgment of $500,000 for breach of the contract. Koehring contested the jurisdiction of that court, and in the alternative moved for a transfer of venue to the Federal District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Apparently unsure of the jurisdiction of the Mississippi federal court, Hyde on September 27, 1961 filed suit in the state chancery court on the same breach of contract action, obtaining jurisdiction by virtue of chancery attachments upon debtors of Koehring.[2] The suit was not actively prosecuted at that time pending the disposition of Koehring's contentions before the Mississippi federal court.

In July of 1962 the Mississippi federal court denied Koehring's motions for transfer but certified the ruling for interlocutory appeal under 28 U.S.C. § 1292(b) to the United States Court of Appeals for the Fifth Circuit. On September 19, 1963 the Fifth Circuit reversed the federal district court on the venue question and remanded the case to the district court for transfer to the Oklahoma federal court under 28 U.S.C. §§ 1404(a) and 1406(a). Koehring Co. v. Hyde Construction Co., 324 F.2d 295. Hyde then petitioned the Fifth Circuit for rehearing, which stayed the order until that petition was denied on February 5, 1964. During this period the state court action was progressing toward trial, March 9, 1964 being set as a tentative date. On December 30, 1963, just prior to the Fifth Circuit decision on Hyde's petition for rehearing, Koehring petitioned that court to enjoin the state suit, which the Fifth Circuit on January 27, 1964 refused to do, without prejudice to

the further order of this Court granted for any reason.

4. It Is Therefore Ordered And Decreed By The Court that judgment is hereby entered in the sum of $9,009.80 against Hyde Construction Company and Vardaman S. Dunn, jointly and severally, and in favor of Koehring Company to reimburse Koehring Company for expenses incurred in connection with the institution and prosecution of the civil contempt proceedings as hereinabove set forth.

5. Jurisdiction of this cause and of this proceeding is retained for all purposes, including the purpose of giving full effect to this order and the making of such further orders and decrees or taking such further action as may be necessary or appropriate."

2. At the time these suits were commenced, Rule 4(e) Fed.R.Civ.P., had not yet been amended to permit the initiation of federal court actions through use of state attachment procedures. See Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 4, Fed.R.Civ.P. (Supp.1964).

Koehring's right to apply to the Oklahoma federal court for such relief.

Hyde then filed in the Mississippi federal district court, on remand, a motion to consider changed circumstances and not transfer the case to Oklahoma; in the alternative, Hyde sought voluntary dismissal of that action in accordance with Rule 41(a) (1) of the Federal Rules of Civil Procedure. Up to this time Koehring had not yet filed an answer on the merits but did so on February 20 pending the decision. On February 24, 1964, the Mississippi federal district court denied Hyde's motion in reference to the transfer issue but granted the motion for voluntary dismissal without prejudice, reasoning that the case had not yet been transferred to Oklahoma and that Rule 41(a) (1) allowed dismissal upon plaintiff's motion at any time before the filing of an answer.

On March 6, 1964 Koehring obtained ex parte from the Fifth Circuit a temporary restraining order prohibiting Hyde from further action in the state court suit pending determination of a writ of mandamus which had been filed by Koehring in the Fifth Circuit on March 4, petitioning that court of appeals to direct the Mississippi federal court to vacate its decision dismissing the action. The mandamus application was heard on March 10, and on that same afternoon the Fifth Circuit rendered its decision in Koehring's favor, vacating the Mississippi federal court's decision dismissing the action[3] and ordering the Mississippi federal judge to transfer the action. The order further stated that:

"The Clerk of the District Court shall physically transfer the papers without delay and pending the entry of the order of transfer by the District Judge and the physical filing of the record in Oklahoma, *this order shall constitute a transfer to enable the parties to present the matter to the District Court of Oklahoma.*" (Emphasis supplied.)

The order was concluded by the Fifth Circuit's vacating its temporary restraining order against Hyde's proceeding in the state court action because "the issuance of this writ fully protects and effectuates the orders, judgments, and mandates of this Court." Meanwhile, trial in the state court action had been set for the next day, March 11, at 2:00 p. m.

At 9:45 a. m. the next day, March 11, counsel for Koehring presented to the Oklahoma federal court a certified copy of the Fifth Circuit's order together with a motion for an injunction and a temporary restraining order forbidding further proceedings in the state court suit, which was to begin trial later that same day. Both Hyde and Koehring were represented by counsel before the Oklahoma court and argued the merits of the injunction and restraining order, and just before 2:00 p. m., when the Mississippi trial was to begin, the temporary restraining order was granted to preserve existing conditions pending a decision on the jurisdiction of the Oklahoma federal court and the propriety of Koehring's motion for an injunction.[4] The news of this order reached Hyde's attorneys in Mississippi, including appellant Dunn, that same afternoon but they declined to obey it and continued on with the trial of the suit[5] until its conclusion on about March 25, when Hyde was awarded a judgment of over $486,000.

3. Appellants urge us to redecide the question of Hyde's right to dismissal, contending that this court is not bound by the Fifth Circuit determination. We see no necessity for inquiry into such issue for it is only the fact of the decision that is pertinent to our present determination.

4. Koehring's motion for a "preliminary" injunction staying Hyde from proceeding in Mississippi was ultimately denied on April 9, 1964 after a full hearing. Among the reasons given by the court for denying the injunction was that "the state court trial has now been completed and therefore much of the initial problem and urgency for Koehring is now moot."

5. The Mississippi state court on March 12 ordered the state trial to proceed.

On March 12 Koehring petitioned the court below to cite Hyde and Dunn for contempt; the court issued an order to Hyde and its attorneys to show cause on March 14 why they should not be found in contempt. At the hearing Hyde's counsel appeared but briefly and Dunn did not appear at all, but the court nevertheless entered findings and held Hyde and Dunn in civil contempt.[6] Thereafter, on September 1, 1964, the court entered the judgment noted (Note 1, supra) and from which this appeal is taken.[7]

At the outset we are faced with the question of our own jurisdiction to review the September 1 order. Normally, a judgment for civil contempt against a party is not reviewable on appeal from that judgment but only on appeal from a final judgment in the related action. Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Duell v. Duell, 85 U.S.App.D.C. 78, 178 F.2d 683, 687; Taylor v. Bowles, 9 Cir., 152 F.2d 311. However, a judgment for civil contempt against a non-party, such as Dunn, can support an appeal without dependence upon the related action if the judgment of contempt is, itself, final. Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948; Fenton v. Walling, 9 Cir., 139 F.2d 608; 6 Moore's Federal Practice, ¶ 54.17 at p. 154. And here the problem is compounded by the question of whether a final judgment of contempt has ever been entered since the district court reserved its decision as to whether appellants will be required to pay further sums. How-

ever, 28 U.S.C. § 1292(a)(1) gives jurisdiction to courts of appeals on appeals from interlocutory orders of the district courts "granting * * * refusing or dissolving injunctions * * *," and in this case the district court enjoined appellants from enforcing the state court judgment. Since the injunction is inseparable from the contempt orders, whose validity in turn depends upon the jurisdiction of the lower court, this court may and will review the entire order of September 1, 1964. Cf. Stewart-Warner Corp. v. Westinghouse Electric Corp., 2 Cir., 325 F.2d 822, cert. denied, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767.

As argued by the parties, this case presents a myriad of complex issues, particularly the jurisdiction of a district court to determine its own jurisdiction and the power of a federal court to enjoin a state court action under exceptions to 28 U.S.C. § 2283.[8] Initially, Koehring claims that the contempt rulings were correct regardless of whether the district court had jurisdiction over the parties and over the subject matter under the doctrine that a court has jurisdiction to determine its own jurisdiction except in cases of "plain usurpation" clearly not here applicable. Since a court has such jurisdiction, it has power to punish for violations of orders entered pursuant to it. Therefore, argues Koehring, the contempt orders must be affirmed regardless of the court's ultimate jurisdiction over the case.

This position of Koehring overlooks the fact that it was civil contempt for which Hyde and Dunn were

6. Appellant Dunn was also found to be in criminal contempt and a warrant of arrest issued March 14. The Mississippi state court issued an order purporting to restrain any U.S. Marshal from making the arrest until the state trial, then in progress, was completed. The arrest was made on March 16 and Dunn was immediately released from restraint by writ of habeas corpus issued by the United States District Court for the Southern District of Mississippi. This action is now pending upon appeal as No. 22081 in the Fifth Circuit.

7. The court's order is clear to the effect that the injunction preventing collection of the Mississippi judgment is wholly dependent upon the findings and conclusions relative to the contempt judgment and must stand or fall with it.

8. Section 2283.
   "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

cited. While a court has the power to punish for criminal contempt for actions that are an affront to its dignity, even if the violation was of an order that was incorrectly entered, civil contempt is remedial and accrues to the benefit of the opposing party who has no claim to reimbursement for offenses solely against the court. As the Court stated in United States v. United Mine Workers, 330 U.S. 258, 295, 67 S.Ct. 677, 696, 91 L.Ed. 884, respecting civil contempt: "The right to remedial relief falls with an injunction which events prove was erroneously issued, * * * and *a fortiori* when the injunction or restraining order was beyond the jurisdiction of the court." And see Heasley v. United States, 8 Cir., 312 F.2d 641, 648–649; Cliett v. Hammonds, 5 Cir., 305 F.2d 565, 570. Thus, the correctness of the contempt orders is dependent upon the jurisdiction of the district court, and the contempt orders must fall if that court's actions were beyond its statutory power.

The only method by which the district court could have acquired jurisdiction below was by way of transfer of the action originally filed in the Mississippi federal court. And since the Mississippi court did not transfer the papers until March 16, subsequent to the entering of the subject restraining order, the court below did not obtain jurisdiction prior to March 16, under normal procedures, since the transfer of the papers, etc., to the transferee court is considered essential to that court's acquiring jurisdiction. See, e. g., Drabik v. Murphy, 2 Cir., 246 F.2d 408; Wright on Federal Courts, p. 143. The court below, therefore could obtain jurisdiction only if the Fifth Circuit's order, by itself, constituted a transfer, which that court

clearly did intend it to be. But the transfer statutes, 28 U.S.C. §§ 1404 and 1406, both specify that only the "district court" may transfer, and it is basic that the appellate jurisdiction of all inferior federal courts is wholly dependent upon statute. Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. Koehring, not disputing these general principles, nevertheless argues that the Fifth Circuit had the power to "constitute" its order a transfer by virtue of 28 U.S.C. § 1651, the "All-Writs" statute authorizing federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is not apparent which particular "writ" [9] was issued by that court nor that the order was necessary or appropriate in aid of its own jurisdiction or judgment. But it is clear that the Fifth Circuit was attempting to accomplish something it normally would be powerless to do, for a transfer must, according to statute, be made by the district court, *and* it is not effective until the papers have been transferred. The Supreme Court recently stated that "[e]xtraordinary writs are 'reserved for really extraordinary causes,' * * * and then only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245, 84 S.Ct. 769, 772, 11 L.Ed.2d 674. Section 1651 "does not contain a new grant of judicial power," United States ex rel. State of Wisconsin v. First Fed. Sav. & Loan Ass'n, 7 Cir., 248 F.2d 804, 809; cf. Huddleston v. Dwyer, 10 Cir., 145 F.2d 311, 315. With all deference, we hold that the Fifth Circuit was power-

9. The Fifth Circuit order was a writ of mandamus specifically directed to the district judge and clerk except as to that portion of the order which stated the order to be self-executing. The function of the district court in obeying a mandate of the Court of Appeals is, of course, ministerial. Bastian v. Erickson, 10 Cir., 114 F.2d 338. The Mississippi district court did not *refuse* to obey the original mandate of transfer ordered by the court of appeals but affirmatively indicated his willingness to do so. His action in granting Hyde's motion to dismiss the case instead of effectuating the original mandate for transfer to Oklahoma was, as the Fifth Circuit specifically held, no more than error. The district court promptly obeyed the writ of mandamus.

less to "constitute" one of its orders a transfer and that the Oklahoma district court did not obtain jurisdiction by virtue of such order. It follows that the district court had no jurisdiction to issue its original restraining order nor to punish appellants for not complying with the order.

The injunction and the contempt judgments are vacated and the cases are remanded for proceedings consistent with this opinion. Other contentions made on these appeals are either not properly before this court or are found to be without merit.