**HYDE CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**KOEHRING COMPANY, Appellee.**

No. 8717.

United States Court of Appeals Tenth Circuit.

Jan. 24, 1968.

Charles Clark, Jackson, Miss., and Jack N. Hays, Tulsa, Okl. (David H. Sanders, Tulsa, Okl., on the brief), for appellant.

Garrett Logan, Tulsa, Okl. (William A. Denny, Steven E. Keane and Maurice J. McSweeney, Milwaukee, Wis., of counsel, on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This bitterly contested litigation has cut a tortuous path through federal and state courts since its inception in 1961. It is now before us on an appeal from a denial by the United States District Court for the Northern District of Oklahoma of a motion by appellant Hyde Construction Company to dissolve an injunction which, among other things, restrains Hyde from enforcing a judgment obtained in a Mississippi state court and sustained by the Supreme Court of that state. The judgment awarded Hyde damages for breach of contract by appellee Koehring Company. Consideration of the issues requires an understanding of the appalling background.

Hyde was the prime contractor for the construction of a spillway at the federal Keystone Dam project in Oklahoma. Hyde contracted with Koehring for the design and installation by Koehring of a concrete cooling and mixing plant for use by Hyde on the project. Difficulties arose in the performance of the contract. On August 30, 1961, Hyde sued Koehring in the United States District Court for the Southern District of Mississippi to recover damages for the breach of the concrete plant contract. Jurisdiction was based on diversity. On the next day, Koehring sued Hyde in the United States District Court for the Northern District of Oklahoma to recover the unpaid balance of the cost of the plant. This was paid and the Oklahoma suit was dismissed.

On September 21, 1961, in the Mississippi federal court, Koehring moved to dismiss for lack of jurisdiction or, in the alternative, for change of venue to the United States District Court for the Northern District of Oklahoma. On September 27, 1961, Hyde brought suit in the Chancery Court, Hinds County, Mississippi, against Koehring on the identical cause of action asserted in the Mississippi federal suit. Koehring did not seek to remove this action to the federal court. On June 15, 1962, the Mississippi federal court denied Koehring's motions to dismiss and for change

of venue. These rulings were certified for an interlocutory appeal under 28 U.S.C. § 1292(b).

The United States Court of Appeals for the Fifth Circuit, on September 19, 1963, held that the case should be transferred to the Northern District of Oklahoma and remanded it to the Mississippi federal court for that purpose. See Koehring Company v. Hyde Construction Company, 5 Cir., 324 F.2d 295. Hyde filed a petition for rehearing which was denied on February 5, 1964, and Koehring presented a motion to stay the proceedings in the state court which was denied on January 27.

On February 16, 1964, Hyde filed in the Mississippi federal court a motion to deny the transfer on the ground of changed circumstances. Hyde also gave notice that, in the event the foregoing motion was denied, it voluntarily dismissed the federal case under Rule 41(a) (1), F.R.Civ.P. Koehring's lawyers mailed to Hyde's lawyers an answer in the federal case on February 20, 1964. Apparently, this was also mailed to the Oklahoma federal court. It was actually not filed until March 11, 1964. On February 24, the Mississippi federal court overruled Hyde's motion to reconsider venue and entered an order for dismissal without prejudice.

The state court trial was set for March 9, 1964. On March 6, 1964, Koehring obtained from the Court of Appeals for the Fifth Circuit a temporary restraining order prohibiting Hyde from further action in the state court pending determination of an application for mandamus filed by Koehring on March 4. The state court then rescheduled the trial to begin at two o'clock on March 10. On that day the Court of Appeals for the Fifth Circuit in an unpublished opinion vacated the Mississippi federal court's order to dismiss the action and ordered a self-executing instanter transfer to the Northern District of Oklahoma. It also vacated its temporary ex parte restraining order. Meanwhile, the state court trial had been reset for March 11, 1964, at two o'clock P.M. On March 10, Koeh-

ring presented to the state court a motion to abate and stay the state proceedings pending the outcome of the trial in federal court. On the same day, the state court entered an order to proceed with the trial.

On the morning of March 11, Koehring presented to the Oklahoma federal court a certified copy of the order for instanter transfer and a motion for an injunction and for an ex parte restraining order. A temporary restraining order was issued before two o'clock P.M. ordering Hyde and its attorneys not to proceed with the state court trial. Telegraphic notice of this order was given to Hyde's attorneys, and the state court, before which the trial was proceeding, was told of the order. The trial continued and culminated on April 7, 1964, in a judgment in favor of Hyde and against Koehring in the amount of $464,450.08.

On March 14, the Oklahoma federal court issued an order for the arrest of Vardaman Dunn, an attorney for Hyde, on charges of criminal contempt because of his disobedience of the restraining order. On the same day, the Mississippi state court made an order restraining the United States Marshal from arresting Dunn. Dunn was taken into custody on March 16 and was released on a writ of habeas corpus issued by the United States District Court for the Southern District of Mississippi. On April 8, that court ordered the release of Dunn on the ground that the March 11 temporary restraining order of the Oklahoma federal court was invalid. See Dunn v. Stewart, D.C.S.D.Miss., 235 F.Supp. 955. This decision was reversed by the Court of Appeals for the Fifth Circuit on the ground that the invalidity of the restraining order could not be used to sustain the petition for habeas corpus. See Stewart v. Dunn, 5 Cir., 363 F.2d 591. On April 21, the Mississippi state court enjoined Koehring and its attorneys from proceeding with the case in the Oklahoma federal court.

On September 1, 1964, the Oklahoma federal court issued an order enjoining Hyde from collecting the Mississippi

judgment but permitting Hyde to participate in the appeal to the Mississippi Supreme Court. It also required Hyde and Dunn to reimburse Koehring in the sum of $9,009.08 for damages resulting from the civil contempt committed in violating the March 11 restraining order. Hyde appealed this order to the Court of Appeals for the Tenth Circuit which held that the injunction and contempt proceedings were invalid because the order of instanter transfer was invalid and the Oklahoma federal court had acted before the transfer to it of jurisdiction over the parties and the subject matter. See Hyde Construction Company v. Koehring Company, 10 Cir., 348 F.2d 643. This decision of the Tenth Circuit was reversed by the United States Supreme Court on January 17, 1966, which held that the Oklahoma federal court had jurisdiction under the instanter transfer. See Koehring Company v. Hyde Construction Company, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416, rehearing denied 383 U.S. 939, 86 S.Ct. 1062, 15 L.Ed.2d 857.

On October 4, 1965, the Supreme Court of Mississippi denied the appeal of Koehring, held that the Chancery Court had jurisdiction, and reduced the judgment by about $50,000. See Koehring Company v. Hyde Construction Company, 254 Miss. 214, 178 So.2d 838 and 182 So.2d 580. Koehring did not seek review by the United States Supreme Court of this decision. The Mississippi Supreme Court also held that the order of the Chancery Court enjoining Koehring from proceeding in the Oklahoma federal court was invalid. See Koehring Company v. Hyde Construction Company, 254 Miss. 214, 178 So.2d 838.

On March 21, 1966, Hyde filed a motion in the Oklahoma federal court to dissolve the injunction, to vacate the civil contempt order, and to dismiss the case. It asserted, among other things, that the Mississippi judgment was final and barred further proceedings in the Oklahoma federal court under the principle of res judicata. These motions were denied April 18, 1966. Hyde then appealed to the Court of Appeals for the

Tenth Circuit from the denial of the motion to dissolve. This is the case now before us. Koehring moved for the dismissal of the appeal and we denied the motion on July 27, 1966, by an unpublished opinion. Koehring sought review by certiorari which the Supreme Court denied on November 14, 1966. See Koehring Company v. Hyde Construction Company, 385 U.S. 949, 87 S.Ct. 323, 17 L.Ed. 2d 227.

After a hearing without a jury, the Oklahoma federal court, on August 23, 1966, found Dunn guilty of criminal contempt because of his violation of the March 11, 1964, restraining order and imposed a 90-day sentence. The appeal of Dunn, our case No. 9142, is disposed of by an opinion filed contemporaneously with the opinion in this case.

We have jurisdiction of appeals from interlocutory orders of district courts refusing to dissolve or modify injunctions. See 28 U.S.C. § 1292(a) (1). This appeal is from an order of the district court refusing to dissolve or modify its September 1, 1964, injunction barring Hyde from collecting or enforcing the Mississippi judgment and requiring Hyde to pay damages for the civil contempt which it committed in breaching the March 11, 1964, restraining order.

We have difficulty with the September 1 orders of the district court. The court recognized the pending appeal in the Mississippi Supreme Court and permitted Hyde to participate therein. At the same time it enjoined Hyde from enforcing the state judgment. It said that the federal trial would proceed as if the Mississippi state case had not been tried and then added that it might take the state judgment into consideration when disposing of the federal case. These actions seem inconsistent to us. The effect is to permit two trials of the same issue—one in state court and one in federal court. Ordinarily, one trial of a controversy is enough.

Koehring argues that the issues raised by the motion to dissolve the injunction were finally and completely determined

by the decision of the Supreme Court in Koehring Company v. Hyde Construction Company, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416. That case in the court of appeals presented questions as to the jurisdiction of the Oklahoma federal court and as to the validity of the injunction. The court of appeals held that the Fifth Circuit's order of instanter transfer was invalid and did not reach the other issues. The Supreme Court granted certiorari and reversed summarily. In so doing it summarized the action of the district court and recited the provision of the order that "the civil suit between the parties [be] retried—this time in Oklahoma and in federal court." The Court concluded that, in the special circumstances of the case, the Oklahoma federal court acquired jurisdiction on March 11 under the Fifth Circuit's instanter transfer and that "the Tenth Circuit erred in vacating the District Court's orders on the stated jurisdictional ground." The Court remanded the case to the Oklahoma federal court "for further proceedings consistent with this opinion, reserving to the parties the right to apply to that court to have the case transferred back to the Southern District of Mississippi because of changed conditions."

Koehring argues that the decision of the Supreme Court means that the federal injunction against the state trial was valid. We do not read the opinion of the Supreme Court to intend such effect. The validity of the injunction is not discussed in spite of the fact that it was attacked on grounds which raise serious questions bearing on the relationship of federal and state courts. The use in the opinion of the word "retried" has no significance to us because it appears in a recital of the provisions of the order of the Oklahoma federal court. The remand is for further proceedings consistent with the opinion but the opinion does no more than sustain the transfer jurisdiction. The remand recognizes the right of the parties to seek a transfer back to the federal court in Mississippi. This is not consistent with any idea that the Supreme Court intended to order a trial on the merits in Oklahoma federal court.

Hyde filed in the Supreme Court a "Petition for Rehearing And Motion To Amend Order of Remand." Therein it pointed out that the court of appeals, because of its ruling on the jurisdictional point, had declined to consider the other issues presented by Hyde. Such questions included the effect of the voluntary dismissal under Rule 41(a) (1) and the validity of the restraining order and injunction under 28 U.S.C. § 2283. Hyde asked that the case be remanded to the court of appeals for the determination of these questions. The Supreme Court denied the petition for rehearing and the motion to amend the order of remand. See Koehring Company v. Hyde Construction Company, 383 U.S. 939, 86 S.Ct. 1062, 15 L.Ed.2d 857. Koehring interperts this denial as decisive of the points raised. We see the situation differently. In the exercise of its discretionary powers, the Supreme Court chose to confine its decision to the narrow jurisdictional point and in so doing did not express an opinion on the merits of the injunction. This failure to express an opinion does not amount to a determination that the points raised were decided adversely to Hyde. The points are substantial—not frivolous. One relates to the effect of a conditional dismissal under Rule 41(a) (1)—a point on which no appellate authority appears to exist. The other relates to the propriety of the injunction under one of the exceptions to 28 U.S.C. § 2283. It seems improbable to us that the Court would dispose of the merits of a case in this sensitive area without full-fledged presentation and without discussion of pertinent decisions.[1]

Koehring also argues that the remand to the district court rather than to the court of appeals shows that the Supreme

1. E. g. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285, and Kline v. Burke Construction Company, 260 U.S. 226, 232–233, 43 S.Ct. 79, 67 L.Ed. 226.

Court intended that the validity of the injunction was settled. We find no such intent. Although the remand could have been to the court of appeals for consideration of the questions other than jurisdiction, the fact that such remand was not made does not mean that those other issues were decided. In our opinion the Supreme Court did not foreclose Hyde from the assertion of the issues now raised.

Koehring next urges that on the return of the case to the district court Hyde may urge only new and unforeseen circumstances in a motion to dissolve the injunction.[2] This argument assumes that the points raised by Hyde have been foreclosed. We reject the assumption. Hyde is entitled to have its contentions heard in an appellate court. Additionally, there is a changed circumstance. The Mississippi state court in personam judgment has been sustained, with a reduction in damages, by the state supreme court after full submission and consideration of jurisdictional questions; and the judgment has become final because of the failure of Koehring to seek certiorari review.

These conclusions make necessary consideration of the attack by Hyde on the injunction. Hyde says that the Mississippi federal court action was dismissed voluntarily under Rule 41(a) (1) before the transfer to the Oklahoma federal court. After the Court of Appeals for the Fifth Circuit ordered the district court to transfer the case to the Northern District of Oklahoma, Hyde filed in the Mississippi federal court a motion in three parts. Part A sought the revocation of the transfer order because of changed circumstances. Part B was a notice of dismissal under Rule 41(a) (1). Part C said that if Hyde was mistaken under Parts A and B, then it requested a dismissal by the court. The court declined to revoke the transfer as requested under Part A, held that the notice of dismissal was good, and dismissed the action.

 Rule 41(a) (1) provides for a dismissal without order of the court "by filing a notice of dismissal at any time before service by the adverse party of an answer * * *." Hyde said, in effect, to the Mississippi federal court that if the case was not kept there, the case was dismissed. Such a conditional notice of dismissal is not within the scope of Rule 41(a) (1). The purpose of that rule is to provide a means for terminating an action automatically by filing with the clerk a notice of dismissal. That notice closes the file; no order of the court is needed.[3] If the conditioning of notices of dismissal is allowed, the clerk of the court will be called upon to exercise a duty more than merely ministerial. Instead of simply closing the file of a case once the notice of dismissal is filed, the clerk will have to construe the condition and perhaps even become a fact-finder to determine when the condition is satisfied. This defeats the purpose of Rule 41(a) (1) to provide a quick, automatic means of ending an action.

In the instant case, Koehring had served an answer on Hyde before the condition was met. Rule 41(a) (1) is effective only until an answer is served by an adverse party. Hyde argues that a party cannot avoid the effect of a notice of dismissal without prejudice by answering after he has been notified that plaintiff intends to file a notice of dismissal. The cases cited for this point hold only that a defendant may not defeat Rule 41(a) (1) in removal cases by winning the race to the courthouse to file an answer immediately after the removal transcript is filed, or by serving an answer if he has notice that the plaintiff wishes to dismiss as soon as the transcript is filed. That is a far cry from saying that the plaintiff may prevent the defendant from answering for so long

---

2. See System Federation No. 91 v. Wright, 364 U.S. 642, 647, 81 S.Ct. 368, 5 L. Ed.2d 349 (modification of a consent decree because of change in law), and United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999 (claim of changed facts).

3. American Cyanamid Co. v. McGhee, 5 Cir., 317 F.2d 295, 297.

as the plaintiff is seeking determination of preliminary procedural issues.

The fact that the court, rather than the clerk, made the order of dismissal does not change the situation. The court acted on the basis that the notice under Rule 41(a) (1) was valid. The Court of Appeals held directly to the contrary and said "the District Judge is hereby ordered to vacate the order or orders of dismissal entered on February 24, 1964 * * *." [4] So far as we are concerned this action by the Fifth Circuit is the law of the case. We believe that it is correct and we accept it. In our opinion the attempted dismissal did not oust either the Mississippi federal court or the Oklahoma federal court of jurisdiction.

The controlling argument on the validity of the injunction goes to the question of whether it is within one of the exceptions recognized in 28 U.S.C. § 2283. That statute forbids a federal court to enjoin state court proceedings except when expressly authorized by Congress "or where necessary in aid of its jurisdiction, or to protect or effectu-

ate its judgments." Koehring says that the injunction is necessary to protect the federal jurisdiction.

The rule is well established that a federal court may restrain proceedings in a state court when necessary to protect the federal court's jurisdiction over a res which is the subject of both the federal and state proceedings.[5] The rule is equally well established that if both federal and state actions are in personam, the actions may proceed simultaneously and the federal court may not enjoin the state proceeding.[6] The question, then, is whether we are dealing with cases in rem.

Both the federal and state actions seek damages for breach of contract. As such they are actions in personam. The claim of a res arises from the chancery attachment in each case of a creditor of Koehring as permitted by Mississippi law.[7] Under Mississippi law service on the attachment defendant "does not bring any fund into the possession, custody or control of the Court, no monies are paid into the registry of the Court, and no

4. In an unpublished opinion appearing in the record in this case, the Fifth Circuit said: " * * * the District Judge was of the opinion that, entirely consistent with our mandate, there being no answer yet filed, the Plaintiff Hyde had the unqualified right of dismissal or notice under F.R.Civ.P. 41(a) (1). On the oral presentation Tuesday, March 10, 1964, this Court was informed that subsequent to the Plaintiff's alternative motions (Parts A and B) filed on February 15, 1964, the Defendant Koehring Company served its answer on counsel for Hyde, F.R.Civ.P. 5(a) (b), the formal filing thereof under Subparagraph (d) not having been physically accomplished pending entry of an order by the District Court transferring the case to Oklahoma. There being no substantial dispute about this fact, we are of the clear view that the plaintiff did not have the unqualified right to dismissal under F.R.Civ.P. 41(a) (1) and in view of our mandate, the District Court did not have the power or right to entertain a motion on terms or conditions. The Plaintiff's motion (Part B) did not have the effect of a 'filing [of] a notice of dismissal' as of the date it

was filed since it was not then a notice of dismissal, but was conditioned on adverse determination of Part A of its motion."

5. See Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409; Toucey v. New York Life Insurance Co., 314 U.S. 118, 135, 62 S.Ct. 139, 86 L.Ed. 100; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; and Denver-Greeley Valley Water Users Association v. McNeil, 10 Cir., 131 F.2d 67, 70.

6. Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226; Skelly Oil Co. v. Phillips Petroleum Co., 10 Cir., 174 F.2d 89, 100, modified in non-pertinent part, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; and Guardian Life Insurance Co. of America v. Kortz, 10 Cir., 151 F.2d 582, 585.

7. See Mississippi Code Annotated (1956) § 2729.

bond is required."[8] The only res is the debt owed Koehring in Mississippi. This was attached by Hyde as an aid to jurisdiction in both the federal and state courts. Koehring, for obvious reasons, does not now contest federal jurisdiction. Instead, it relies on the attached res to justify the injunction under the "in aid of its jurisdiction" exception in § 2283. Parenthetically, we observe that in the circumstances no such aid is required to sustain federal jurisdiction.

Once jurisdiction is obtained, the only function of the attached res is to afford a means of collecting whatever judgment might be secured. The courts have gone far in permitting simultaneous actions affecting a single res so long as the action taken on the res by one court will not conflict with actions by the other court.[9] Here the basis of each suit is an in personam claim for breach of contract. The attachment is an ancillary proceeding to aid in the collection of whatever judgment might be secured; it has nothing to do with the merits of either case. We have no question here of the enforcement of the state court judgment against the attached res. That judgment specifically dismissed the attachment defendant and does not affect any res within the control of the federal court. The Oklahoma federal court injunction goes beyond the protection of the res and restrains the state in personam proceedings. It is an unnecessary interference with a state court proceeding by the federal court, the very thing that § 2283

and the long-established rules of comity were designed to prevent. This conflict could easily have been prevented by enjoining only that part of the state court proceedings which affected the federal court's control of the attachment debtors.[10] The order of the court below restraining the entire state action was not necessary and cannot be sustained.

The situation is not changed by the fact that in both the federal and state proceedings Hyde sought, in addition to damages for breach of contract, a declaratory judgment and injunctive relief. The declaratory judgment provisions [11] create no statutory exception to § 2283. The decision in American Ins. Co. v. Lester, 4 Cir., 214 F.2d 578, is distinguishable. The primary scope of that case was to declare rights of a number of parties and avoid a multiplicity of lawsuits. Equitable considerations required the protection of federal jurisdiction. Here the primary aim is the determination of damages for breach of contract; and no equitable considerations require an injunction against the state proceedings. In our opinion the right to a federal injunction does not flow from the fact that the actions seek damages for breach of contract, a declaratory judgment, and an injunction.[12] Koehring makes no claim that the state proceedings were conducted, or the state judgment obtained, fraudulently or unconscionably. We conclude that the injunction was not within the § 2283 exception permitting a stay in aid of federal jurisdiction.

8. Koehring Company v. Hyde Construction Company, 254 Miss. 214, 178 So.2d 838, 848, quoting Dunn v. Stewart, D.C. S.D.Miss., 235 F.Supp. 955, 966.

9. See United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840; General Baking Co. v. Harr, 300 U.S. 433, 57 S.Ct. 540, 81 L.Ed. 730; and Denver-Greeley Valley Water Users Association v. McNeil, 10 Cir., 131 F.2d 67.

10. In Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 198, 55 S.Ct. 386, 390, 79 L.Ed. 850, the Supreme Court said: "While it is often said that of two courts having concurrent jurisdiction *in rem*, one first taking possession acquires exclusive jurisdiction,

* * * it is exclusive only so far as its exercise is necessary for the appropriate control and disposition of the property. The jurisdiction does not extend beyond the purpose for which it is allowed, to enable the court to exercise it appropriately and to avoid unseemly conflicts. * * * The other court does not thereby lose its power to make orders which do not conflict with the authority of the court having jurisdiction over the control and disposition of the property."

11. 28 U.S.C. §§ 2201 and 2202, and Rule 57, F.R.Civ.P.

12. See IA, Moore Federal Practice, ¶ 0.-220, p. 2604.

Koehring argues further that the stay was permissible to protect or effectuate the federal judgment of the Fifth Circuit ordering the transfer to the Northern District of Oklahoma. We have held that the protection-of-judgments exception in § 2283 was included within the 1948 revision of the Judicial Code to overcome the effect of the decision in Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, and "to give Federal Courts the power to enjoin the relitigation of cases and controversies which have been fully adjudicated in such courts." [13] It may be that in some situations the exception extends to interlocutory orders [14] but we have no reason here to recognize any such exception. The Fifth Circuit decided only where the federal case should be tried. under the federal *forum non conveniens* law. The restraining order against proceeding in the Mississippi state court was expressly vacated by the Fifth Circuit. The Mississippi proceedings in no way conflict with the decision that the Northern District of Oklahoma is the 'more convenient federal forum. Our conclusion is that the Oklahoma federal injunction is not within any of the exceptions found in § 2283 and consequently is forbidden by that statute.

■ The basic thrust of Koehring's argument is that, regardless of whether the Oklahoma federal injunction was good or bad, it was issued and destroyed the efficacy of the state proceedings and state judgment for all purposes so far as the federal courts are concerned. No decisions of which we are aware support this novel concept. The in personam features of the controversy were thoroughly litigated in the state courts with full participation by Koehring. It voluntarily filed a general appearance in state court. It appealed the adverse

judgment to the state supreme court and in that appeal litigated the right of the state court to proceed in the face of the injunction. The state supreme court carefully considered the issue and came to the conclusion that the state court had jurisdiction to proceed.[15] Koehring did not seek review of that decision in the Supreme Court of the United States; and the decision has become final. We have identity of parties—Koehring and Hyde —and identity of subject matter—jurisdiction of the Mississippi court to proceed. The principles of res judicata apply to questions of jurisdiction.[16]

■ Koehring seeks to carve out a new exception to the res judicata rule on the basis that the Mississippi proceedings in violation of the Oklahoma federal court order are contrary to the doctrine of federal sovereignty. We grant that the question of the validity of the plea of res judicata on the jurisdictional question now presented is for decision by the federal court.[17] We hold that, in the circumstances of this case, the plea is good. Such conclusion is the surrender of no federal authority. Federal law has long tolerated duplicating or overlapping proceedings in federal and state courts.[18] The dignity of the federal courts is adequately protected by the criminal contempt proceeding with which we are not concerned in this case. A holding that a state court is ousted of jurisdiction by an invalid order of a federal court would open a Pandora's box to resourceful litigants.

■ The March 11, 1964, temporary restraining order ended by its own time limitations and was followed by the September 1, 1964, injunction. Koehring says that Hyde should have appealed from the restraining order, and having failed to do so, may not question the

13. Jackson v. Carter Oil Co., 10 Cir., 179 F.2d 524, 526–527, cert. denied 340 U.S. 812, 71 S.Ct. 39, 95 L.Ed. 597.

14. See Sperry Rand Corporation v. Rothlein, 2 Cir., 288 F.2d 245, 249.

15. See Koehring Company v. Hyde Construction Company, 254 Miss. 214, 178 So.2d 838, 842–850.

16. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231.

17. See Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409.

18. Hart and Wechsler, The Federal Courts and The Federal System, 1057.

adjudication of civil contempt. When this case was here before we held that the contempt order was so related to the injunction that both could be considered on a § 1292(a) (1) appeal.[19] We believe that the same conclusion is justified on this appeal. In United States v. United Mine Workers of America, 330 U.S. 258, 294–295, 67 S.Ct. 677, 91 L.Ed. 884, no appeal was taken from a temporary restraining order and the court said that there could be no sanctions in civil contempt for violation of an erroneous order. The March 11 order was in effect for only ten days. The general rule is that such orders are not appealable under § 1292 (a) (1).[20] The failure to appeal from the temporary order does not foreclose consideration of the validity of that order on this appeal from the injunction and civil contempt judgment which were later entered.

To hold otherwise would permit a private litigant to take advantage of an error which it provoked in the first instance. The law affords a remedy for a right violated but does not grant relief ot the perpetrator of a wrong.[21] A prosecution for criminal contempt vindicates the authority of a court regardless of whether it was properly exercised. Civil contempts provide a remedy for a party who has been injured by the violation of a court order. The right to such remedy "falls with an injunction which events prove was erroneously issued."[22] Accordingly, the adjudication for civil contempt and the penalty imposed therefor cannot stand.

Hyde urges us to order the dismissal of the case on the ground of res judicata. We decline to do so. The case is here on the sole issue of the propriety of the denial of the motion to dissolve the injunction. Our decision on res judicata is limited to the application of that principle to the question of the jurisdiction of the Mississippi courts to proceed with the state trial. The merits are not before us. The plea of the application of the bar of res judicata to the merits, and all other questions pertaining to the merits of the controversy, must be decided by the district court in the first instance.

The injunction is dissolved. The judgment for civil contempt is vacated. The case is remanded to the district court for further proceedings consistent with this opinion.

---

19. Hyde Construction Co. v. Koehring Co., 10 Cir., 348 F.2d 643, 647, reversed on other grounds 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416.

20. See Pan American World Airways, Inc. v. Flight Engineers' International Association, 2 Cir., 306 F.2d 840, 841–842, and Pennsylvania Motor Truck Association v. Port of Philadelphia Marine Terminal Association, 3 Cir., 276 F.2d 931.

21. Salvage Process Corporation v. Acme Tank Cleaning Process Corporation, 2 Cir., 86 F.2d 727.

22. United States v. United Mine Workers of America, 330 U.S. 258, 295, 67 S.Ct. 677, 696, 91 L.Ed. 884.