48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert SHOULDERS and Jerry McMANUS, Petitioners-Appellants,
v.
Gary MAYNARD, Respondent-Appellee.
 No. 92-6005.
(D.C. No. CIV-91-1746-W)
 United States Court of Appeals, Tenth Circuit.
 March 1, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before HOLLOWAY and McKAY, Circuit Judges, and BELOT,[2] District Judge.
 
 
 2
 After examining the appellate record, the memoranda of the parties filed as we directed in our order of June 19, 1992, and subsequent developments, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R.34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellants Shoulders and McManus (hereinafter "plaintiffs") commenced this action in October 1991 to challenge a revision to the "grooming code" of the Oklahoma Department of Corrections (DOC). The policies of the DOC regarding hair length and facial hair of inmates have been the subject of much litigation, including several published opinions of this court. See Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992); McKinney v. Maynard, 952 F.2d 350 (10th Cir.1991); and Mosier v. Maynard, 937 F.2d 1521 (10th Cir.1991). As in those cases, McManus challenged the grooming code as an infringement on his constitutional right of free exercise of religion. Shoulders, however, made no religious freedom claim but instead contended that the grooming code violated his rights of freedom of speech and freedom of expression. In view of the posture of this case, recitation of the factual background will be limited to the few facts that are dispositive.
 
 
 4
 In the district court, the action was assigned to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(A) & (B). On October 31, 1991, the magistrate judge issued an order denying class certification and requiring the appropriate DOC officials to prepare a "Martinez report." See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The plaintiffs timely appealed that order to the district court, contending that the magistrate judge had ignored their request for a temporary restraining order and so had effectively denied the request; that the Martinez report was unnecessary; that the magistrate judge ignored the plaintiffs' request for counsel; and that the magistrate judge erred in denying class certification. The district court issued an order affirming the magistrate judge's order in all respects. As to the request for temporary relief, the court found that plaintiffs had shown no need for such relief because McManus had been previously granted an exemption to the grooming code based on his Native American religious beliefs and because Shoulders, who had been denied an exemption and had complied with the grooming code, did not base his claim on any religious belief.
 
 
 5
 Plaintiffs then commenced the instant appeal from the district court's December 4, 1991 order denying a temporary restraining order. On December 24, plaintiffs filed in the district court a "motion to suspend or withdraw notice of appeal." The appeal having been properly lodged in this court, the district court of course had no jurisdiction to dismiss the appeal. We note the filing of this motion not because it had any legal effect but only because it reflects plaintiffs' belated awareness that their appeal was defective. In this motion, plaintiffs acknowledged that, since their request for a preliminary injunction had not been ruled upon, their appeal was "premature."
 
 
 6
 It has long been the general rule that the denial of a temporary restraining order is not appealable under 28 U.S.C. 1292(a)(1). Hyde Construction Co. v. Koehring Co., 388 F.2d 501, 511 (10th Cir.), cert.denied, 391 U.S. 905 (1968). We see no reason for the order at issue here to be treated otherwise, nor was any other portion of the December 4, 1991 order immediately appealable. Therefore, we conclude that this appeal must be dismissed for lack of jurisdiction.
 
 
 7
 We also note that on September 25, 1992, the district court entered a final order dismissing this action, in which the court noted that both plaintiffs had finally obtained exemptions from the grooming code. No appeal was taken from that order. Consequently, even if jurisdiction had once existed, it is apparent that this matter has become moot by the failure to appeal from the final order.
 
 
 8
 Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation