**SONIC DRIVE–IN OF ALEXANDRIA,**

v.

**Bradley G. DRONET, et al.**

**Civil Action No. 96–3609.**

United States District Court,
E.D. Louisiana.

March 25, 1997.

Charles M. Kreamer, Allen & Gooch, Lafayette, LA, for Sonic Drive-In of Alexandria, Inc.

Bradley G. Dronet, Slidell, LA, pro se.

William Bernard Kramer, Bernard Kramer Law Offices, Alexandria, LA, for Speedy-D's Inc., Bernard Kramer, Jimmy Gregory Kramer.

Carlene Dronet, Slidell, LA, pro se.

BERRIGAN, District Judge.

This matter is before the Court on motion for change of venue filed by Defendants Speedy D's, Inc., Jimmy Gregory Kramer, and Bernard Kramer.

This case involves trademark/trade dress claims filed by Plaintiff Sonic Drive-in of Alexandria, Inc. ("Sonic") against the owners of a facility in Alexandria, Louisiana formerly operated as a Sonic restaurant. Plaintiff has also brought claims against two former Sonic managers.

Movants seek transfer of this matter to the Western District of Louisiana, Alexandria Division pursuant to 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses in this matter and in the interest of justice." The non-moving co-defendants, Bradley Dronet and Carlene Dronet, do not oppose the motion [1]. Plaintiff Sonic opposes the motion based upon the fact that it choose to file in the Eastern District of Louisiana and because it alleges that movants are forum shopping.

Having considered the record, the applicable law, and the parties' memoranda, the Court grants the motion.

### Analysis

A motion to transfer to another venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) states,

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision whether to transfer venue under § 1404(a) rests within the sound discretion of the district court. *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). The trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (quoting 15 C. Wright, A. Miller & E. Cooper, Fed. Prac. and Proc. § 3847, at 370 (1986)).

Courts have looked to the Supreme Court's analysis of *forum non conveniens* in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), in highlighting important factors to consider when deciding whether to grant a motion for change of venue. *See Koehring Co. v. Hyde Constr. Co.,* 324 F.2d 295, 296 (5th Cir.1964);*Fountain v. John E. Graham and Sons,* 1991 WL 28980, *1 (E.D.La.1991). These factors include the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of view of the premises, if appropriate, and all other practical matters that make the trial of a case easy, expeditious, and inexpensive. *Koehring,* 324 F.2d at 296; *Fountain,* 1991 WL 28980 at *1. In balancing the factors, the plaintiff's choice of forum should be given significant weight. *Peteet,* 868 F.2d. at 1436.

Taking this guidance into consideration, the Court looks at facts of this matter. In regards to sources of proof, plaintiff does not dispute movants' assertion that all acts and conduct of which the plaintiff complains occurred in Rapides Parish, Louisiana.[2] Furthermore, because this is a trade dress dispute, possibility of viewing the premises is also relevant.[3] Speedy D's—the alleged source of the trademark/trade dress violations—is located in Alexandria. Accordingly, on-site inspection of the restaurant would be readily possible in Alexandria, but nearly impossible if trial were held 192 miles away in New Orleans. Thus, access to sources of

---

1. The Dronets apparently are residents of New Orleans. Thus, venue is proper in this district.

2. Alexandria is located in Rapides Parish.

3. Plaintiffs' allegations of trade dress infringement includes claims regarding the neon lighting, the menu housing tops, and the use of parapet walls around the top of the building. (Compl. ¶ 19).

proof and possibility of viewing the premises both weigh in favor of transfer.

The 192–mile distance similarly affects the issue of convenience to witnesses. Movants state that their witnesses reside in Alexandria. Plaintiff concedes that several material witnesses are located in Alexandria. Just as significantly, plaintiff makes no argument that New Orleans would be a more convenient venue for any witnesses. Thus, all issues regarding convenience of witnesses weigh strongly in favor of movants.

In regards to convenience to parties, movants are located in Alexandria and find Alexandria more convenient. More significantly, plaintiff does not argue that Alexandria would be less convenient than New Orleans.[4] The two Dronet defendants reside in New Orleans, but do not object to venue in Alexandria. In light of these factors, convenience of the parties weighs slightly, but not significantly in favor of transfer to Alexandria.

The only factor in favor of plaintiff is the fact that it chose to proceed in this venue. The Court gives substantial deference to Sonic's decision to proceed in this venue. However, it is also significant that Sonic raises no other factors favoring denial of transfer. Plaintiff's only other argument is the insinuation that the motion is motivated by movants' feeling that they have "a better change of prevailing on the merits of this case in Alexandria." (Plaintiff's Opp. Memo., p. 1). The Court discounts this argument, noting in particular that plaintiff fails to rebut any of the substantive and legitimate reasons for transfer that movants articulate in the motion. The Court also generally rejects the notion that Alexandria poses a danger of jury bias. In particular, this reasoning is diluted by the fact that two of the individual defendants reside in New Orleans.

In balancing the relevant factors, the Court finds that sources of proof, convenience of witnesses, and possibility of view of the premises all unequivocally weigh in favor of transfer. While plaintiff's decision to proceed in this venue is significant, it is not enough in this case to alter the strength of the other uncontradicted factors. Thus, the balance of relevant factors strongly favors transfer.

The parties do not dispute that this case could have been brought in the Western District of Louisiana, Alexandria Division—the principal place of business of Defendant Speedy D's, Inc. and the residences of Defendants Bernard Kramer and Jimmy Gregory Kramer are located in that district. Thus, the Court finds it proper and appropriate to transfer this matter pursuant to § 1404(a) to the Western District of Louisiana, Alexandria Division.

Accordingly,

IT IS ORDERED that the motion for change of venue is GRANTED.

4. Plaintiff's primary place of business is located in Lafayette, Louisiana, which is 85 miles from Alexandria and 134 miles from New Orleans.